United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10621
Summary Calendar

LUTHER D. WILSON,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1082-H
--------------------

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Luther D. Wilson, Texas prisoner # 810897, was convicted after a jury trial of aggravated sexual assault and was sentenced to life imprisonment.  He seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application.

        A timely notice of appeal "is a mandatory precondition to the exercise of appellate jurisdiction."  Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir. 2001).  This court must examine the

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis of its jurisdiction on its own motion if necessary.  Id.
Wilson did not file his notice of appeal within 30 days of the
entry of the district court's judgment on January 6, 2004.  See
FED. R. APP. P. 4(a)(1)(A).  He asserts that he did not receive
notice of entry of judgment until April 29, 2004.  Although
Wilson filed a motion to reopen the time for filing a notice of
appeal, which the district court granted, this motion was made
more than seven days after Wilson received notice of entry of the
district court's judgment.  Therefore, the district court lacked
authority to grant the motion to reopen, and Wilson's appeal is
untimely.  See FED. R. APP. P. 4(a)(6); Wilkens, 238 F.3d at 332,
335-36.

The appeal is DISMISSED for lack of jurisdiction, and the
motion for a COA is DENIED as moot.